## SUMNER SOLLITT CO. v. FIRST NAT. BANK OF ALBUQUERQUE, N. M.*

Circuit Court of Appeals, Eighth Circuit.
November 12, 1927.

No. 7498.

Contracts ⬸284(3)—Under provisions of building contract, contractor held not entitled to maintain counterclaim for alleged breach by owner.

Under provisions of a building contract for arbitration in certain matters, and requiring decision of the arbitrators or the architect as a condition precedent to legal action by either party, the contractor, who did not seek arbitration or apply for or obtain decision of the architect, *held* not entitled to maintain a counterclaim for alleged breach by the owner.

Appeal from the District Court of the United States for the District of New Mexico; Orie L. Phillips, Judge.

Suit in equity by the First National Bank of Albuquerque, N. M., against the Sumner Sollitt Company. Decree for complainant, and defendant appeals. Affirmed.

See, also, United States Fidelity & Guaranty Co. v. Citizens' Nat. Bank, 13 F.(2d) 213.

George S. Downer, of Albuquerque, N. M. (Downer & Keleher, of Albuquerque, N. M., on the brief), for appellant.

Lawrence F. Lee, of Albuquerque, N. M.

*Rehearing denied January 17, 1928.

(A. B. McMillen, of Albuquerque, N. M., on the brief), for appellee.

Before LEWIS, Circuit Judge, and POLLOCK and SCOTT, District Judges.

POLLOCK, District Judge. This was a suit on a voluminous written contract, made between the parties, for the erection of a bank building in the city of Albuquerque, N. M. The suit was brought by the bank (hereinafter called the "plaintiff") for an accounting of moneys claimed to have accrued to plaintiff under the provisions of the contract by reason of delay of the defendant, the contractor, in completing the building, and other amounts alleged to be due the plaintiff under the provisions of the contract, and to foreclose the lien of a pledge held by the bank on certain collateral securities deposited with the bank to guarantee the faithful and full performance of the contract by defendant.

Defendant answered, and also filed a cross-demand for a large amount based upon the extra cost of materials which defendant was compelled to pay over and above the price of those materials specified in the contract, and cost of certain drawings for which defendant was compelled to pay in addition to the contract price, etc. The case was heard by the court, where the witnesses appeared and testified ore tenus. At the conclusion of the trial the cross-demand of defendant was denied and dismissed, and decree entered in favor of the plaintiff, stating the account and fixing a lien upon the collateral pledged to secure faithful performance of the contract, from which decree defendant has appealed to this court.

While the pleadings and proofs are quite voluminous, but few matters require serious consideration. As the case was heard before the able trial judge on oral evidence, giving that court much better opportunity to determine the weight to be given the evidence and the credibility of the witnesses testifying in case of any conflict in the proofs, disputed questions of fact, if any are found, must be resolved in favor of the facts as found by the trial court. The large question in the case grows out of a dispute between the parties over the marble employed in the work of constructing the building. That there was a very considerable delay in completing the building is conceded. The contract explicitly stated the date the building should be completed, and as expressly stated the amount of damages payable as liquidation in case of failure to complete the building on time. The delay in completion was conceded, but

the blame for the same was sought by defendant to be cast upon plaintiff, because of the transaction in regard to the marble. Of course, the parties having deliberately placed their engagements definitely in writing, this writing must govern their rights in the premises.

The specifications attached to the contract in regard to the marble provides the same shall be "hard gray Tennessee marble of quality approved by the architect, no marble to be furnished or installed until approved by the architect." There was proof, before the contract was entered into by the parties, the president of plaintiff bank took the representative of defendant company to a new building in Albuquerque and showed him the kind of Tennessee gray marble the plaintiff desired employed in the work of constructing the building; that is to say, McMullen's gray marble. True, this is disputed in part by the defendant. Several samples of marble were furnished by defendant; but, as they were not approved by the architect, the same could not be used. Out of the delay caused by the failure to furnish the quality of marble the architect would approve came the delay in the completion of the building, and also arose the claim for damages set forth by defendant in its cross-demand or counterclaim.

Now articles 42 and 43 of the contract read as follows:

Article 42, in part: "The decision of the arbitrators upon any question subject to arbitration under the terms of this contract shall be a condition precedent to any right of legal action by either owner or contractor."

Article 43: "Save only in cases in which an appeal to arbitration is permitted by these general conditions, the final decision of all questions arising under this contract shall be made and given by the architect, and both the owner and the contractor shall be bound thereby, and such decision shall be condition precedent to any right of legal action by either owner or contractor."

Considering these provisions of the contract as binding and conclusive on both parties, they seem to settle the entire controversy between the parties to this suit. This being a suit in equity, in which any decision of the architect, the final arbitrator between the parties, might have been impeached for fraud, or for such gross mistake as to imply fraud, and while we do find such an attack pleaded, yet we fail to find any evidence or state of facts shown such as would warrant any such conclusion. As the defendant did not apply to and procure the decision of the architect

in its favor in regard to the marble, nor did it submit any matter to arbitration, it is clear it could not have any claim for damages awarded to it under the circumstances of this case. Therefore the cross-demand or counterclaim was properly dismissed.

As the delay in constructing the building is unquestioned, and as the contract itself fixes the damages for such delay, and as under the facts shown in this record the defendants must be held liable therefor, the conclusion reached by the able trial judge is inescapable, and decree just and right, and must be affirmed.